## Hoyt and Bennett *vs.* Campbell.

IN Error on *Certiorari*. The Caufe was at Iffue in Law in July Vacation 1799, but the Plain-tiff's Attorney fuffered October Term to pafs with-out having noticed it for *Argument*.

The Defendant's Attorney then ferved a Notice to *argue* the Caufe in January Term. Neither the Plaintiffs, or their Attorney, or any Counfel for them, appearing on the Notice, Judgment of Affirmative paffed againft them as of *Courfe*.

The Plaintiff's Attorney refiding in New-York, and not having an Agent in Albany, the Service of

the Notice was by affixing it in the Clerk's Office there, and it did not, until shortly before the last Term, come to his Knowledge, either that the Notice had been served, or that Judgment of Affirmance had passed, and in the meantime the Plaintiffs, on being informed of the Judgment, either by the Defendant or his Attorney, paid the Costs on it, and also settled as to the Demand against them in respect to the Suit in the Court below before the Justice.

On these Facts, the Plaintiffs moved in the last Term to set the Judgment aside, submitting two Questions to the Court: first, Whether the Defendant was entitled to notice the Cause for *Argument* ; and if the Opinion of the Court should be against them on this Question ? then, secondly, Whether, under the Circumstances of the Case, the Judgment may not be set aside in order to give them an Opportunity to avail themselves *in this Court*, of their Causes of Error if they can support them.

*Per. Cur* – With respect to the first Question it is to be stated, that heretofore, in all Cases where there was not to be a Decision by the Court, until there had been previously an Argument between the Parties, being, except Motions to set aside Proceedings, the same with our present *enumerated* Motions or Cases, the Arguments were in *writing*, and if either Party delayed for a Term to deliver in an Argument, the opposite Party took a Rule against him to *argue* by the next Term or be *precluded*, and on his *Default* the Court would proceed to examine and decide

S

the Caufe on the Arguments as they then were, or if there had not been any Argument delivered in by the Party in *Default*, then on the *ex parte* Argument to be thereafter prepared and delivered in by the Party who had taken the Rule; as for Inftance, in Cafe of a Writ of Error, if after the Parties were at Iffue in *Law*, the Plaintiff delayed, then the Defendant would take a Rule againft him; if the Plaintiff had delivered in his Argument, he would take a Rule againft the Defendant to argue in *Anfwer;* if the Defendant had delivered in his Argument, he would in this laft Cafe take a Rule againft the Plaintiff to argue in *reply*, and on the *Default* of the refpective Parties, the Court would, in the firft Cafe on the *ex parte* Argument of the Defendant, and without any Argument on the Part of the Plaintiff, in the fecond Cafe on the Argument delivered in by the Plaintiff, and without any Argument on the Part of the Defendant, and in the third Cafe on the Argument delivered in by the Plaintiff, and the Argument in *anfwer* delivered in by the Defendant and without any Argument in *reply* by the Plaintiff, take up the Caufe for Examination and Decifion; but the Practice of making Decifions or *Adjudications* on *ex parte* Arguments or Hearings being now wholly done away, and the Subftitute for it being, that every Party is apprifed that from his Default to appear and *argue*, or in other words to *fuggeft generally* at leaft the *Principles* of his *Right*, he will be *prefumed* to have *renounced* it, and fo to have *confented* to what is claimed againft him, and that Judgment will thereupon pafs for the oppofite Party as of

*courfe*, the Law will therefore, from the *Neceſſity* of the Thing, imply that there muſt be a Mean for a Party whereby he may ſtill have it in his Power to prevent his Opponent from delaying on his Part to bring the Cauſe before the Court for their Opinion, and the one which the Defendant has taken in the preſent Inſtance, of proceeding by a notice of a Motion, in the Nature of a Rule to ſet the Cauſe down for Argument, being equally fit and adviſable with any other to be adopted or provided as a Subſtitute for the former Practice of proceeding by the Rule of *Precluſion*, and the Plaintiffs, the Party entitled in the preſent Caſe to *open* or *begin*, having delayed for a Term to notice the Cauſe for Argument, it muſt be adjudged regular in the Defendant for him then to notice it.

The Plaintiffs' Motion, however, as far as it reſts on an Irregularity in the Defendant, conſiſting in a ſuppoſed Want of Right in him to notice the Cauſe for Argument, may be decided againſt them on this Ground, namely, that notwithſtanding a Notice may be irregular or defective, or in any other reſpect improper, yet if there has been a due Service of it, the Party on whom it has been ſerved, muſt appear to oppoſe the Motion, otherwiſe, as has been already ſtated, his Conſent to it, or a Renunciation of his Right to oppoſe it, will be preſumed from his Abſence or Silence equally as if the Notice had been perfect, and the Motion proper in the Caſe; and that it is not to be expected the Court will, without the *Appearance* and *Suggeſtion* of the Party, examine farther than to be

fatisfied there has been a competent Service of the Notice, comprehending as well the Manner, as the Time, of Service.—Indeed the Intent of the 7th Rule of January Term 1799, was, that there might in future be a clear Underftanding on the whole of the Subject to which this firft Queftion relates.

With refpect to the fecond Queftion, it will fuffice to obferve, that although there was a fufficient Service of the Notice, yet it did not come to the Knowledge of the Plaintiff's Attorney until after the Defendant had obtained the Effect of it; fo that there doubtlefs will have been an Hardfhip on the Plaintiffs, if the fubftantial Juftice or real Merits of the Cafe is with them, and if there is a reafonable Excufe for their Attorney in not having an Agent in Albany at the Time, but as thefe matters have not been fhewn to the Court, they cannot interpofe; the Plaintiffs therefore are to take nothing by their Motion, and to pay Cofts to the Defendant in oppofing it.                                   B.